UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANDRE BADLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00417-WTL-MJD |
| | ) | |
| J. E. KRUGER, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241**

Petitioner Andre Badley, a federal inmate, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 arguing that his sentence was improperly enhanced. During the pendency of this case, Mr. Badley's sentence was reduced under the First Step Act. Accordingly, his petition for a writ of habeas corpus is **denied** as moot.

**I. Factual Background**

In 1997, Badley was convicted by a jury in the Northern District of Ohio of possession with intent to distribute approximately 114.33 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute approximately 123.29 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). *United States v. Badley*, No. 1:95-cr-125 (N.D. Ohio June 18, 1997) (Crim. Dkt.) Dkt. 117. The government filed a supplemental Information, pursuant to 21 U.S.C. § 851 charging Badley with three prior felony drug convictions. *Id.* at 101. Those convictions were:

    1) March 23, 1993 – Trafficking in Drugs, Cuyahoga County Common Pleas Court, Cleveland, Ohio, Case #CR290301, 12 months' imprisonment. Dkt. 24 ("PSR") ¶ 34;
    2) March 22, 1993 – Drug Abuse, Cuyahoga County Common Pleas Court, Cleveland, Ohio, Case #CR285141, 12 months' imprisonment. PSR ¶ 32; and

3) March 22, 1993 – Drug Abuse, Cuyahoga County Common Pleas Court, Cleveland Ohio, Case #CR286955, 12 months' imprisonment. PSR ¶ 33.

Badley's presentence report found that under U.S.S.G. § 2D1.1, Badley had a total offense level of 32. PSR ¶ 23. Badley was found to have a criminal history category of VI, PSR ¶ 40, and his guideline range was 210-262 months' imprisonment. PSR ¶ 60. But Badley faced a mandatory minimum penalty of life imprisonment based on his prior felony drug convictions. *Id.*

On September 18, 1997, Badley was sentenced to that mandatory minimum of life imprisonment. Crim. Dkt. 125. Badley appealed his conviction and sentence, and the Sixth Circuit affirmed his conviction and sentence. *United States v. Badley*, 178 F.3d 1296 (6th Cir. 1999) (unpublished).

Badley filed several challenges to his sentence, most of which were unsuccessful. *See generally* Crim. Dkt.

On August 31, 2017, Badley filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 based on the Supreme Court decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). Dkt. 1, 11.

Then, on January 7, 2019, Badley filed in his criminal case a motion to reduce his sentence under the First Step Act. Crim. Dkt. 247. That motion was granted on February 15, 2019, and Badley's sentence was reduced to 120 months. Crim. Dkt. 250. Because Mr. Badley had already served more than 24 years of imprisonment, he was released immediately. *See id.*

## II. Discussion

Badley challenges in this case the enhancement of his sentence to life under § 851. Since his motion to reduce sentence was granted and he is no longer subject to § 851 enhancement, the challenge to that enhancement is moot.

"A basic principle of standing is that a person is not entitled to litigate in a federal court unless he can show a reasonable probability of obtaining a tangible benefit from winning." *Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998). "The federal habeas statute gives the Court jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (citing 28 U.S.C. § 2241(c)(3). Because Mr. Badley has been resentenced without the § 851enhancement, he is no longer subject to custody because of that would not impact his sentence and is therefore moot. *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012) ("In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (citation and quotation marks omitted).

### III. Conclusion

For the foregoing reasons, Mr. Badley's petition for a writ of habeas corpus is moot. Accordingly, this action is dismissed for lack of jurisdiction. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 4/1/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

ANDRE BADLEY
35563-060
COLEMAN - I USP
COLEMAN I U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1033
COLEMAN, FL 33521

All Electronically Registered Counsel